Adams v. Yale New Haven Hosp.

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 12th day of March, two thousand fourteen.

PRESENT: DENNIS JACOBS,
DENNY CHIN,
CHRISTOPHER F. DRONEY,
           Circuit Judges.

- - - - - - - - - - - - - - - - - - - - -X

Clark Adams,
          Plaintiff-Appellant,

          -v.-                                    12-4279-cv

Yale New Haven Hospital,
          Defendant-Appellee.
- - - - - - - - - - - - - - - - - - - - -X

FOR APPELLANT:              WILLIAM S. PALMIERI, Law Offices
                            of William S. Palmieri, LLC, New
                            Haven, Connecticut.

FOR APPELLEE:               PATRICK M. NOONAN, Donahue,
                            Durham, & Noonan, P.C.,
                            Guilford, Connecticut.

Appeal from a judgment of the United States District Court for the District of Connecticut (Fitzsimmons, M.J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED**.

Plaintiff Clark Adams appeals from the final judgment of the United States District Court for the District of Connecticut (Fitzsimmons, M.J.), dismissing his claims of race discrimination, sex discrimination, and retaliation under Title VII (42 U.S.C. § 2000e) and the Connecticut Fair Employment Practices Act ("CFEPA") against Yale New Haven Hospital ("Hospital"). The district court dismissed some of the plaintiff's sex discrimination claims, and all of his race discrimination claims, by granting a directed verdict to the defendant at the close of the plaintiff's evidence. Following the jury's verdict in favor of the plaintiff on the remaining sex discrimination claims, the district court granted judgment as a matter of law ("JMOL") in favor of the defendant pursuant to Federal Rule of Civil Procedure 50(b) but ordered a new trial as to those claims pursuant to Rule 50(b)(2). The district court then permitted the defendant to move for summary judgment on those sex discrimination claims and ultimately granted the defendant's motion.

The district court's grant of summary judgment is reviewed de novo. See Gonzalez v. City of Schenectady, 728 F.3d 149, 154 (2d Cir. 2013). "Summary judgment is appropriate if there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law." Id. In making this determination, we "resolve all ambiguities and draw all permissible factual inferences in favor of the party against whom summary judgment is sought." Terry v. Ashcroft, 336 F.3d 128, 137 (2d Cir. 2003) (internal quotation marks and citation omitted). Summary judgment is appropriate "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

A trial court may set aside a jury's verdict pursuant to Federal Rule of Civil Procedure 50(b) only where "there is such a complete absence of evidence supporting the verdict that the jury's findings could only have been the result of sheer surmise or conjecture, or there is such an

overwhelming amount of evidence in favor of the movant that reasonable and fair minded men could not arrive at a verdict against him." <u>Bucalo v. Shelter Island Union Free Sch. Dist.</u>, 691 F.3d 119, 127-28 (2d Cir. 2012) (internal quotation marks omitted). The district court's ruling on a motion for JMOL is also reviewed <u>de novo</u>. <u>Ehrlich v. Town of Glastonbury</u>, 348 F.3d 48, 52 (2d Cir. 2003). "A directed verdict is granted only when, viewing the evidence in the light most favorable to the non-moving party, there can be but one conclusion as to the verdict that reasonable persons could have reached." <u>Id.</u> (internal quotation marks omitted).

**1. Discrimination Claims**. Adams, an African-American man, was a Physician Associate ("PA") in the Hospital's Department of Surgery. Two women, Rita Rienzo and Heather Orosco, were the other PAs in the department. In a reorganization triggered by an accreditor's adverse finding, all three were notified that the Hospital planned to hire twelve new PAs and that, thereafter, all PAs would have to be periodically on-call. Adams decided to leave the Surgery Department rather than accept on-call responsibilities and transferred to the Department of Medicine.

Six weeks later, the Hospital announced the creation of an administrative position, Lead PA, to deal with the staff increase. No one applied for the position, which included on-call responsibilities. Shortly thereafter, Orosco quit. Rienzo, who then became the only experienced PA in the Surgery Department, negotiated to accept the Lead PA position on terms that allowed her to avoid taking call.

Adams claims that the Hospital discriminated against him in (1) forcing him out of the Surgery Department while allowing Rienzo and Orosco to avoid taking call; and (2) declining to offer him the Lead PA position without on-call responsibilities. To establish a <u>prima facie</u> case of discrimination in violation of Title VII, "a claimant must show that: 1) he belonged to a protected class; 2) he was qualified for the position; 3) he suffered an adverse employment action; and 4) the adverse employment action occurred under circumstances giving rise to an inference of discriminatory intent." <u>Terry</u>, 336 F.3d at 138. The same analysis applies to the CFEPA claims. <u>Kaytor v. Elec. Boat Corp.</u>, 609 F.3d 537, 556 (2d Cir. 2010).

3

The circumstances surrounding Adams' transfer to the Department of Medicine and Rienzo's acceptance of the Lead PA position do not give rise to an inference of discrimination.  It is undisputed that Orosco worked in the transplant service, which had different needs from the rest of the Department of Surgery, and that Orosco's supervisor did not want her to take call.  Once Adams transferred and Orosco quit, Rienzo, as the only experienced PA left, was the only candidate for the Lead PA position.  There is nothing here to raise an eyebrow.[1]

Furthermore, Adams was not "qualified" for the position of Lead PA once he left the Department of Surgery.  It is the Hospital's undisputed policy to offer a new position in a department to employees within that department first, before accepting other applications.  Because Rienzo accepted the Lead PA position, Adams was not entitled to an opportunity to apply.

**2.  Retaliation Claims.**  To establish a prima facie case of retaliation in violation of Title VII, an employee must show "(1) participation in a protected activity; (2) that the defendant knew of the protected activity; (3) an adverse employment action; and (4) a causal connection between the protected activity and the adverse employment action." McMenemy v. City of Rochester, 241 F.3d 279, 282–83 (2d Cir. 2001).  The same analysis applies to the CFEPA claims. Kaytor, 609 F.3d at 556.

While Adams did complain to his supervisors about the new on-call requirement, he has not demonstrated a causal connection between those complaints and an adverse employment action.  His protected activity--i.e. his *complaints*--did not precipitate a forced transfer.  To the contrary, Adams voluntarily chose to transfer rather than accept on-call duties.

---

[1] Adams testified that another PA, Christopher Mallory, also transferred out of the Department of Surgery to avoid on-call duties.  This does not impact the analysis, because the different treatment allegedly accorded Orosco and Rienzo was due to particular circumstances, and not their sex.  In any event, the fact that Mallory--a white man--transferred to avoid taking call, undercuts Adams' claims of race discrimination.

4

For the foregoing reasons, and finding no merit in Adams' other arguments, we hereby **AFFIRM** the judgment of the district court.

                                    FOR THE COURT:
                                    CATHERINE O'HAGAN WOLFE, CLERK